UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYVARIS S. CHANCE,<br><br>         Plaintiff,<br><br>-against-<br><br>SELIP & STYLIANOU, LLP,<br><br>         Defendant. | 22-CV-3314 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a *et seq*. He alleges that Defendant is a debt collector and asserts, without explanation, that he "refuse[s] to pay the alleged debt." (ECF 2 at 12.)

By order dated May 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Tyvaris Chance alleges the following facts. The Nassau County law firm of Selip & Stylianou, LLP, is a debt collector ("Selip" or "the debt collector"). On December 8, 2021, Plaintiff, who resides in Westchester County, received a letter from the debt collector regarding a debt of $4,448.16, that he "allegedly owed to Citibank, N.A." ECF 2 at 5. Plaintiff attaches a copy of Selip's letter, which states:

> Call or write to us by January 12, 2022 to dispute all of part of the debt. If you do not, we will assume that our information is correct.
>
> If you write to us by January 12, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt.

*Id.* at 14.

The letter also suggested that Plaintiff call to discuss payment options if he was unable to pay the full amount and included a checklist of potential responses, such as: "This is not my debt," "The amount is wrong," "I want you to send me the name and address of the original creditor," and other options. *Id.* at 15. Plaintiff does not indicate that he marked any of these as his response.

Instead, in a letter to the debt collector dated January 11, 2022, Plaintiff wrote, in relevant part: "I am notifying you Selip & Stylianou, that I refuse to pay this alleged debt." *Id.* at 12. Plaintiff does not explain whether he disputed all or part of the debt or, if so, on what basis. Instead, Plaintiff stated that he was "demanding" that Selip, within ten days, "pay the attached invoice and compensate [him] for every violation labeled in the attached exhibits." *Id.* at 12.

Plaintiff's exhibits and "invoice" to the debt collector cite various provisions of the FDCPA and a criminal statute but do not include any facts about what happened.[1] Plaintiff's "invoice" purporting to bill Selip includes, for example, a statement that the debt collector owes him $10,000 for alleged violation(s) of 18 U.S.C. § 1028A, a penal statute covering aggravated identity theft. *Id.* at 16. He contends that, in total, Selip owes him $36,453.16. *Id.*

Plaintiff also attaches to the complaint his own "affidavit of truth," in which he states that he is "a citizen of heaven," that his rights under the Fourth Amendment to the U.S. Constitution,

---

[1] For example, on the attached copy of Selip's letter to Plaintiff, he circles his home address and writes "violation 15 USC 1692c(a)," *id.* at 15; this provision indicates that a debt collector may not, without prior consent, contact a consumer: (1) at an unusual time or place, 15 U.S.C. § 1692c(a)(1), (2) directly, if the debt collector knows an attorney is representing the consumer in connection with the debt, § 1692c(a)(2), or (3) at the consumer's place of employment if the debt collector knows the employer prohibits such communication, § 1692c(a)(3). Plaintiff does not allege in the complaint that an attorney is representing him in connection with this debt, that the debt collector contacted him at work, or that the debt collector called him in the early morning or late night hours.

the FDCPA, and the Truth in Lending Act (TILA) have been violated, and that "all bills and coupons are the obligation of the United States pursuant to 18 U.S.C. 8." *Id.* at 9. He further states that he does "not accept this offer to contract" and does "not consent to these proceedings." *Id.* at 10-11.

Selip's letter dated January 27, 2022, responding to Plaintiff's "invoice," states its position that: (1) Plaintiff opened a Citi Mastercard on August 5, 2016, with Citibank, N.A.; (2) he incurred a balance, on which he defaulted by failing to pay before January 16, 2021; (3) Citibank closed the account on June 29, 2021; and (4) Citibank retained Selip in December 2021, to recover the debt. *Id.* at 19. Selip further states that it did not furnish any information to any credit reporting agency, and that it is attaching documentation supporting Citibank's claim for the balance owed.[2] *Id.* at 20. The letter concludes by stating that Selip "has been authorized to seek judicial intervention in the New York State courts" if it does not receive payment. *Id.*

Plaintiff states that Selip's January 27, 2022 letter:

contained abusive language sever[e]ly damaging Plaintiff after reading threats made by Mitchell Selip. [The] communication received by Plaintiff gave false representation and implication that it was from an attorney. [The] debt collector threat[e]ned to take action in 'state court.'

(*Id.* at 6.)[3]

Plaintiff contends that, after receiving this letter, he suffered "severe emotional distress," requiring him to receive medical attention. *Id.* Plaintiff sues Selip, seeking damages.

---

[2] The supporting documentation referenced in Selip's January 27, 2022, letter, allegedly showing the balance that Plaintiff owed, is not attached to the complaint.

[3] Plaintiff does not explain why he believes that Mitchell Selip's representation that he is an attorney is false.

4

## DISCUSSION

**A.     Fair Debt Collection Practices Act**

The FDCPA applies to consumer debt arising from transactions that "are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction"). In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e.

A debt collector is defined in Section 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own as if it were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

Plaintiff indicates that he is "allegedly obligated . . . to pay money arising out of a transaction in which . . . the subject of the transaction [was] primarily for personal, family or household purposes." (ECF 2 at 5.) He further alleges that Selip is a debt collector and that the FDCPA therefore applies. (*Id.*)

Although Plaintiff's exhibits cite various provisions of the FDCPA, the sole purported violation raised in the complaint is the allegation that Selip, in its January 27, 2022 letter, "threatened" Plaintiff with legal action in state court. Under 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct violating the statute includes, among other examples, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the

hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Plaintiff's allegation that he received a letter putting him on notice of a potential civil suit arising from an unpaid debt does not state a claim for a violation of Section 1692d. While the letter and the prospect of a civil lawsuit undoubtedly caused Plaintiff distress, the letter itself does not use obscene or profane language, or threaten the use of violence or public humiliation. A letter is also not the type of repetitive communication intended to harass or annoy an alleged debtor. Plaintiff's allegations are therefore insufficient to plead a violation of Section 1692d.

Even if the Court were to treat the allegations in Plaintiff's exhibits as claims asserted in this suit, these allegations are also insufficient to plead a violation of the FDCPA. Plaintiff cites numerous provisions of the FDCPA in the exhibits, and purports to charge Defendant Selip via an "invoice" for alleged violations of each provision cited, but Plaintiff does not include any facts that he contends show any violation of the FDCPA. Plaintiff thus fails to state a claim on which relief can be granted for a violation of the FDCPA.

**B.   Other Violations of Federal Law**

In addition to claims under the FDCPA, Plaintiff also refers in passing in the exhibits to his complaint to a federal criminal statute prohibiting identity theft, 18 U.S.C. § 1028A; to the Fourth Amendment to the U.S. Constitution; and to the Truth in Lending Act (TILA). Even if the Court were to treat these statements in Plaintiff's exhibits as allegations of the complaint, none gives rise to a cognizable claim.

First, Plaintiff does not explain what Selip did that constitutes "identity theft" in violation of 18 U.S.C. § 1028A. And even if Plaintiff had done so, there is no private right of action authorizing an individual to bring suit under this federal criminal statute. *See also Linda R.S. v.*

*Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private individual lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Next, Plaintiff's claim under the Fourth Amendment fails because, among other reasons, Defendant is a private actor, and "the United States Constitution regulates only the Government, not private parties." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Plaintiff therefore cannot bring a claim against Defendant Selip for violating Plaintiff's rights under the U.S. Constitution.

Finally, Plaintiff mentions the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, which aims to require creditors to divulge meaningful credit terms to customers. *See* 15 U.S.C. § 1601(a); *McAnaney v. Astoria Fin. Corp.*, 357 F. Supp. 2d 578, 583 (E.D.N.Y. 2005). For example, TILA requires "lenders to disclose to consumers certain material terms clearly and conspicuously in writing, in a form that consumers may examine and retain for reference." *Cardiello v. The Money Store, Inc.*, No. 00-CV-7332 (NRB), 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001), *aff'd*, 29 F. App'x 780 (2d Cir. Mar. 15, 2002). Plaintiff fails, however, to allege what conduct he contends violated the TILA. Moreover, any claim that, in extending credit to Plaintiff, Citibank violated the TILA, would not lie against the debt collector Selip, which is the only defendant named in this action. Plaintiff's complaint thus fails to state a claim on which relief can be granted under the TILA.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

7

amend at least once does when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The complaint gives little indication of any violation of Plaintiff's rights. Nevertheless, Plaintiff may be able to allege additional facts to state a valid claim under the FDCPA or TILA, and the Court therefore grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may wish to contact the New York Legal Assistance Group ("NYLAG"), an organization that provides free legal advice to self-represented parties in this court. A flyer from NYLAG is attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-3314 (LTS). An Amended Complaint form and a flyer from NYLAG are attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge